UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

ARMANDO RODRIGUEZ ORTIZ,

    Plaintiff,

v.

SUZAN HUBBARD, Director, CDCR, et al,

    Defendants.
                                  /

No. C 11-0399 PJH (PR)

**ORDER GIVING ADDITIONAL NOTICE; DEADLINE FOR PARTIES TO FILE SUPPLEMENTAL MATERIALS; RULINGS**

       This is a civil rights case filed pro se by a state prisoner. On August 30, 2011, the court screened the case and ordered service on the named defendants. On November 28, 2011, defendants moved for summary judgment on some claims and to dismiss others as not exhausted. On December 19, 2011, defendants' motion to stay discovery pending a ruling on the qualified immunity ground for their motion for summary judgment was granted.

       Subsequent to the ruling on the motion to stay discovery, and after the time to oppose it had passed, plaintiff moved for an extension of time to oppose the motion to stay and for an extension of time to oppose the motion for summary judgement. The motion for an extension of time to oppose the motion for stay (document number 47 on the docket) is **DENIED** as moot. His motion to stay ruling on the motion summary judgment to allow him to conduct discovery does not say "what information is sought and how it would preclude summary judgment." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998). The motion (document number 47) is **DENIED**. Because discovery is stayed, his motions to compel (documents 48 & 51) are **DENIED**. Time for plaintiff to file an opposition to the motion for summary judgment and to dismiss will be extended, however, as detailed below.

///

In *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988), the Ninth Circuit held that pro se prisoner litigants must be given a warning about the requirements of Rule 56 of the Federal Rules of Civil Procedure pertaining to summary judgment and the consequences of such a motion.  In *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003), the court required somewhat similar warning about unenumerated motions to dismiss for failure to exhaust. This court routinely provides these warnings in its orders of service for prisoner pro se civil rights complaints.

The Ninth Circuit now has held that the notices must be provided at the time the motions are filed, and that notices given in advance of such motions are not sufficient. *Woods v. Carey*, No 09-15548, slip op. 7871, 7874 (July 6, 2012).  The new rule applies to all pending cases.  *Id.* at 7885.  Here the warnings were given, but because they were in the service order, they were insufficient under *Woods.*

Plaintiff shall take notice of the attached warnings.  The time for plaintiff to oppose the motion for summary judgment and to dismiss is **EXTENDED** to August 3, 2012.  If defendants wish to file a reply, they shall do so within fourteen days of the date the opposition is filed.  Extensions of time will be granted only in the most compelling circumstances.

**IT IS SO ORDERED.**

Dated:  July 10, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.11\ORTIZ0399.woods notice.wpd

**NOTICE – SUMMARY JUDGMENT**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE – EXHAUSTION**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.